NOT DESIGNATED FOR PUBLICATION

No. 129,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CORTEZ JAMAAL WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; LAURA JOHNSON-MCNISH, judge. Submitted without oral argument. Opinion filed May 15, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Cortez Jamaal White timely appeals the district court's revocation of his probation after he went missing for four years. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not respond. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

White pled no contest to one count of aggravated battery for acts committed in February 2020. The district court sentenced White to 50 months' imprisonment but suspended the sentence and granted a dispositional departure to 36 months' probation.

1

White failed to follow his probation plan. In December 2021, White's intensive supervision officer (ISO) claimed White failed to: (1) report several times from September to December 2021; (2) provide proof of residency; (3) engage in or complete an outpatient substance abuse program; and (4) make consistent payments toward his court costs and fees. White also submitted to several urinalysis tests that were positive for PCP. A bench warrant was issued that same month based on the ISO's claims, but White was not served with the warrant until July 2025.

The district court held a probation violation hearing in August 2025 in which White stipulated to all the December 2021 probation violations asserted by his ISO, except for his failure to provide proof of residency. At the hearing, the State explained that White had disappeared for nearly four years. White responded, claiming he "didn't finish probation" because he was taking care of his mother who had cancer. White disputed that he had absconded and claimed "he just didn't report." The district court found White violated the terms of probation in multiple ways that included absconding. White's probation was revoked, and he was ordered to serve his underlying prison sentence because he received a dispositional departure to probation. The journal entry of judgment reflects White violated his probation because he was an absconder but also notes White had used an illegal drug, failed to complete substance abuse treatment, and failed to make payments toward court costs and fees.

White argues the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence but provides no further explanation or argument.

Once the district court determines the defendant violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Tafolla*, 315 Kan.

324, 328, 508 P.3d 351 (2022). White bears the burden to establish such abuse of discretion. See 315 Kan. at 332.

Here, the district court made no error of law or fact. White stipulated he violated the terms of his probation and, while he did not specifically stipulate to absconding, he essentially admitted as much to the district court by acknowledging he failed to report for four years. The district court had authority to revoke White's probation without first imposing an intermediate sanction because it had originally granted probation as the result of a dispositional departure. See K.S.A. 22-3716(c)(7)(B). Even assuming it was error for the district court to revoke White's probation based on absconding, White stipulated to several other violations. See *State v. Harris*, 318 Kan. 926, 930, 550 P.3d 311 (2024) (affirming judgment when right for wrong reason). The district court was within its statutory authority and sound discretion to revoke the probation it granted to White under a dispositional departure and order him to serve his underlying prison sentence.

Affirmed.